IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CARDELL BONNER,<br><br>                Defendant. | **8:17CR222**<br><br>**FINDINGS AND RECOMMENDATION** |

      This matter is before the Court on Defendant Cardell Bonner's Motion to Dismiss (Filing No. 54), alleging a violation of his right to a speedy trial under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161. Defendant filed a brief (Filing No. 55) in support of the motion and the government filed a brief (Filing No. 60) opposing the motion. For the reasons set forth below, the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

      On June 21, 2017, Defendant was indicted on two counts of distribution of more than 28 grams of cocaine base ("crack cocaine"). (Filing No. 1). Defendant was arrested on or about August 24, 2017 (Filing No. 8), and entered not guilty pleas at his arraignment on August 25, 2017 (Filing No. 10). The trial was initially set to commence on October 17, 2017. (Filing No. 14).

      On October 9, 2017, Defendant filed an unopposed motion to continue trial. (Filing No. 16). The Court entered an Order on October 12, 2017, granting Defendant's motion and continuing the trial until November 28, 2017. The time between October 12, 2017, and November 28, 2017, was deemed excludable in any computation of time under the requirement of the STA. (Filing No. 17).

      On November 17, 2017, Defendant filed a second unopposed motion to continue trial. (Filing No. 29). The Court entered an Order the same date, granting the motion and continuing the trial until January 9, 2018. The time between November 17, 2017, and January 9, 2018, was deemed excludable in any computation of time under the requirement of the STA. (Filing No. 30).

On December 28, 2017, Defendant filed yet another motion to continue trial. (Filing No. 37). Defendant acknowledged in an affidavit attached to this motion that the period of delay resulting from his request for continuance of trial would be excluded under the STA. (Filing Nos. 37-1, 37-2). The Court entered an Order on December 29, 2017, granting the motion and continuing the trial until April 16, 2018. The Court specifically advised Defendant that "Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act." (Filing No. 38). Defendant failed to object to the granting of the continuance under the court's local rules.

Defendant filed the instant motion to dismiss on March 15, 2018, alleging that his statutory right to a speedy trial was violated. (Filing No. 54). Defendant alleges that a total of 127 days should be calculated as having run against the speedy trial clock from the dates between August 25, 2017, to October 12, 2017, and November 8, 2017, to December 28, 2017. (Filing No. 55 at p. 3). The government counters that no more than a total of 44 days have run. (Filing No. 60 at p. 5).

## ANALYSIS

Defendant alleges that his statutory right to a speedy trial has been violated. The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date last occurs.

18 U.S.C. § 3161(h)(1).

Time may be excluded from this calculation for specific periods of delay provided for in 18 U.S.C. § 3161(h). Time is excluded for "[a]ny period of delay resulting from other proceedings concerning the defendant," including delay from pretrial motions, and delay attributable to any period "during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1).

2

> In addition, time is excluded for:
>
> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). However, "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In this case, the Court made "ends of justice" findings when granting Defendant's first and second motions to continue trial. Thus, the period between October 12, 2018, and January 8, 2018, is excluded from the calculation of time under the STA. While Defendant himself did not file an affidavit consenting to the motions to continue, such an affidavit is not required. See *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012)(concluding a defendant's personal consent to continuance is not necessary if the judge grants a continuance requested by defense counsel and makes the appropriate "ends of justice" finding under the statute). A total of 47 countable days elapsed between the date of Defendant's arraignment (August 25, 2017) and the date the Court granted Defendant's first motion to continue (October 12, 2017). See Federal Rule of Criminal Procedure 45(a).

Defendant's third motion to continue was filed with an affidavit acknowledging the exclusion of time under the STA. (Filing No. 37-1; Filing No. 37-2). The Court also incorporated the "showing set forth in the motion" as its reason for granting the motion, and advised that a failure to object to the order would operate as a waiver of any claim that time should not be excluded. (Filing No. 38). Therefore, the time between December 28, 2017, and April 16, 2018, is excluded from the calculation of time under the STA.

Furthermore, Defendant has filed a series of pretrial motions (Filing No. 39, Filing No. 42, Filing No. 50, Filing No. 52, Filing No. 54) which were either ruled on after a brief period under advisement, or currently remain pending before the Court. On this basis alone, the periods of February 7, 2018, to February 15, 2018, and March 14, 2018, to the present and until ruling on

all motions under advisement are excluded. See 18 U.S.C. §§ 3161(h)(1)(D), (H). The Court also specifically excluded the period of February 15, 2018, to March 15, 2018, from the speedy trial calculation when granting Defendant leave to file pretrial motions past the previous pretrial motion deadline. (Filing No. 47).

Based on the foregoing calculations, a total of 47 days are properly calculated against the speedy trial clock in this case. Therefore, Defendant's rights under the STA have not been violated. Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's Motion to Dismiss (Filing No. 54) be denied in all respects.

Dated this 29th day of March, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

### ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.