IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>KORDAYE CARTER,<br><br>          Defendant. | **8:17CR221**<br><br>**FINDINGS AND RECOMMENDATION** |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>CARDELL BONNER,<br><br>          Defendant. | **8:17CR222**<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the Amended Motion to Dismiss Based Upon Outrageous Government Conduct and Newly Discovered Evidence (Filing No. 66 in Case No. 8:17cr221; Filing No. 50 in Case No. 8:17cr222)[1] filed by Defendants, Kordaye Carter and Cardell Bonner.

The Court held evidentiary hearings on the motions on July 26 and August 3, 2018. Both defendants were present with their attorney, Timothy Ashford, and did not object to having a joint evidentiary hearing. The government was represented by Assistant United States Attorney, Martin Conboy. The Court received into evidence Defendants' Exhibits 101 to 112 for the limited purpose of the hearing. Transcripts of the hearings were prepared on August 21, 2018, (Filing No. 113), and August 27, 2018, (Filing No. 115). This matter is now fully submitted to the Court. For the following reasons, the undersigned magistrate judge recommends that the motions be denied.

---

[1] Although Carter and Bonner are not co-defendants, both defendants are represented by the same attorney, have filed the same motion to dismiss the indictment arising out of the same general alleged factual circumstances, and have requested identical relief in both of the instant motions. Therefore, unless otherwise indicated, all further references to the record shall be made to Case No. 8:17cr221.

**BACKGROUND**

Defendant Kordaye Carter is charged in the Indictment with three counts of distribution of crack cocaine, which allegedly occurred on November 9 and 30, 2016, and February 2, 2017. Carter is additionally charged in one count of use of a firearm in relation to a drug trafficking crime, occurring on November 9, 2016. (Filing No. 1 in Case No. 8:17cr221). Defendant Cardell Bonner is charged in the Indictment with two counts of distribution of crack cocaine, which allegedly occurred on December 6 and 15, 2016. (Filing No. 1 in Case No. 8:17cr222). In each of the charged offenses, the government's confidential informant ("C/I") was involved in the controlled purchases of the alleged crack cocaine and is expected to testify at trial.

As previously outlined by the Court, the defendants' motions to dismiss are based on their allegations that the government's C/I was involved in fraudulent real estate transactions with the defendants' mothers several months prior to the alleged drug transactions forming the basis for the charges in these cases. The defendants allege that in April 2016, defendant Carter's mother gave $8,000 to the C/I to purchase two real estate properties, and in January and February 2016, defendant Bonner's mother gave the C/I a total of $44,200 to purchase real estate. (Filing No. 64 at pp. 5-6). The defendants assert that the transactions were fraudulent because the C/I did not own the properties, and that their mothers have filed civil lawsuits against the C/I in state court. The defendants allege that the C/I thereafter "used coercion, duress and his friendship to persuade both Bonner and Carter to commit criminal acts at the risk of their mothers losing their money." (Filing No. 64 at p. 11). The defendants assert that the government engaged in outrageous conduct in its investigation in these cases by utilizing the C/I because the government knew or should have known about the C/I's previous illegal real estate transactions with the defendants' mothers, that such information should have been produced as discovery, that the C/I should have been "screened," and that the government and its C/I conspired to defraud the mothers and thus benefited "because of the entrapment of the defendant by financial coercion and duress." (Filing No. 64 at pp. 12-14; 17-18).

The Court granted the defendants an evidentiary hearing on their motions. Brent Fisher, Special Agent with the DEA, was involved in the controlled buys in this case and testified that he first learned of the defendants' allegations that the C/I engaged in fraudulent real estate transactions with their mothers after the defendants were indicted, and at no point did he or any

other investigator direct the C/I to engage in those transactions. (Filing No. 115 at pp. 50, 57-61). Kenneth McClure, a police officer with the Council Bluffs Police Department and a task force officer for the DEA, testified that he provided surveillance support for the case agents during the controlled buys, but did not know who the C/I was assisting with the controlled buys. (Filing No. 115 at pp. 70-73). The defendants' mothers, Mary Ann Carter and Glendora Bonner, and another family member, William Bonner, testified as to their relationships and transactions with an Antonio Allen, the individual that defendants believe is the C/I.[2]

## ANALYSIS

"Outrageous Government conduct requires dismissal of a charge 'only if it falls within the narrow band of the most intolerable government conduct.'" *United States v. Bugh*, 701 F.3d 888, 894 (8th Cir. 2012)(quoting *United States v. Morse*, 613 F.3d 787, 792-93 (8th Cir. 2010)). "Law enforcement agents' conduct is so outrageous that due process principles bar the Government from using the judicial process to obtain a conviction only when agents' conduct violates 'that fundamental fairness, shocking the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" *Id.* (quoting *United States v. Russell*, 411 U.S. 423, 432 (1973). "[T]he defense of outrageous government conduct focuses on the government's actions," and "[t]he level of outrageousness needed to prove a due process violation is quite high[.]" *United States v. Williams*, 720 F.3d 674, 686 (8th Cir. 2013)(quoting *United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999) and *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003)). The Eighth Circuit has recognized that government agents "may go a long way in concert with the individual in question without being deemed to have acted so outrageously as to violate due process." *Hunt*, 171 F.3d at 1195.

The undersigned magistrate judge finds that there is no evidence of outrageous government conduct in this case. The testimony by the investigators at the hearing shows that the government was neither aware of nor involved in the allegedly fraudulent activities of the C/I and the defendants' mothers. Therefore, the government's use of its C/I during the controlled buys does not constitute intolerable government conduct in any fashion, nor was it so outrageous

---

[2] Pursuant to the Court's prior orders, the government does not have to disclose the identity of the C/I until 14-days before trial.

as to "shock the conscience" of the Court. Accordingly, the undersigned finds that the motions to dismiss should be denied.

**IT IS HEREBY RECOMMENDED** to United States District Court Judge John M. Gerrard that:

1. Defendant Kordaye Carter's Amended Motion to Dismiss Based Upon Outrageous Government Conduct and Newly Discovered Evidence ([Filing No. 66](Filing No. 66) in Case No. 8:17cr221) be denied; and
2. Defendant Cardell Bonner's Amended Motion to Dismiss Based Upon Outrageous Government Conduct and Newly Discovered Evidence (Filing No. 50 in Case No. 8:17cr222) be denied.

Dated this 31st day of August, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

### ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.